W. Low et al., Appellants, *v.* Henry Nolte,
Appellee.

APPEAL FROM PEORIA.

only acquire jurisdiction over awards of arbitrators, to enter judg-
on them, where the submission and award are in conformity to the

r cases of submission to arbitrators, the parties will be left to their
law remedies.

cause was heard before Peters, Judge, at March term,
the Peoria Circuit Court.

was a motion entered by the said Nolte for a judgment
n award made by William C. Boilvin, William Kellogg,
orace G. Anderson, in pursuance of an agreement of
sion made between the said Low & Chapin, and said
A cross motion was entered by said Low & Chapin,
aside the award made by the arbitrators.

court, hearing the allegations of the parties, overruled the
motion made by said Low & Chapin to set aside the
, and granted the motion of said Nolte, and rendered
ent in favor of said Nolte, and against said Low &
in, on the award of arbitrators, for the sum of $5,876.46.
e agreement of submission is as follows, to wit:—

te of Illinois, county of Peoria, ss.
Whereas divers disputes and controversies have arisen be-
n Henry Nolte, of Chillicothe, Peoria county, Illinois, of
ne part, and William W. Low, and John P. Chapin, of
e firm of Low & Chapin, of Chicago, Illinois, of the other
art in relation to a certain contract, dated October 2, 1852, a
copy whereof marked (A.) is hereto attached, and made part of
this agreement. And whereas, certain suits and controversies
arising out of, or connected with alleged violations of said con-
tract, or matters and transactions of the parties in relation there-
to, to wit, a certain suit of replevin of William W. Low, John
P. Chapin *v.* Henry Nolte, commenced June 18, 1853. Also, a
suit in chancery, of William W. Low, John P. Chapin *v.* Henry
Nolte, commenced, and bill filed June 9, 1853. Also, a suit in
trespass on the case, upon promises of Henry Nolte *v.* William
W. Low, John P. Chapin, commenced the 22d of August, A. D.
1853, have been commenced, and are now pending and unde-

termined in the circuit court of Peoria county, Illinois. Nov
therefore, it is agreed between the said parties, that the sai
suits, and all and singular the matters and things pending be
tween the parties in said suits, and properly and legitimately
connected with them, or either of them, and also all matters
and things in difference between said parties, arising out of and
connected with the said contract, be, and the same are hereby
by the mutual agreement of the said parties, submitted to the
final arbitrament, award, and determination of William C
Boilvin, William Kellogg, Horace G. Anderson, arbitrators
mutually chosen and agreed upon between said parties, and
whose award and determination shall be final and conclusive
between said parties. Said arbitrators shall meet at the court
house in Peoria, on the 28th day of February, A. D. 1854, and
after being duly sworn, shall proceed to hear the parties and
their testimony; they, the said arbitrators, or a majority of them,
shall have power to adjourn from time to time, for the purpose
of obtaining material testimony, or for any other cause, satis-
factory to said arbitrators, or a majority of them; and in case it
shall so happen that any one of the arbitrators above chosen by
the parties shall die, refuse, or for any reason cannot serve as
such arbitrators, then if the parties cannot agree upon an arbi-
trator to serve in the place of the one thus dying, refusing, or
being unable to serve, the remaining arbitrators shall appoint
one to fill the vacancy thus occasioned, and the decision and
determination of the arbitrators herein agreed upon, or appointed
in case of a vacancy, as before stated, or of a majority of them,
shall be final and conclusive to the parties, and said arbitrators
shall decide who shall pay the costs of each and every the suits
before named, and their award when made shall at the next
term of the circuit court of Peoria county, or at any subsequent
term thereafter, be entered and become a judgment in the cir-
cuit court of said county, upon which execution may issue, as
in cases of judgments at law in said court. The party seeking
to enter said award as a judgment, giving to the opposite party
ten days notice of the time of making his motion for judgment
on said award.

" The said arbitrators are to make out their award, and
give to each party a copy thereof, on or before the 1st day of
June, A. D. 1854, unless the time is extended by agreement of
parties.

" This agreement shall not operate to dismiss or discontinue
any of said suits before mentioned, in the circuit court of Peoria
county, but the same shall remain on the docket until final
judgment shall be entered on the award under this submission,

the award shall have been otherwise paid or complied with by the parties.

" But neither party shall make any further costs in said suits until the party against whom the said award shall be made, shall fail to comply with the same, or the arbitrators shall fail to make their award within the time before limited. The said arbitrators shall also determine who shall pay the costs of this arbitration.

" It is also further stipulated and agreed by and between the parties, that neither of the parties will in any event revoke or annul this agreement of submission; and they bind themselves each to the other, that they will abide by the said submission, and the award made under the same, in the penalty of one thousand dollars as stipulated damages, to be paid by the party delinquent to the party complying.

" In witness whereof, the said parties have hereunto set their hands, at Peoria, this 20th day of January, A. D. 1854.

WM. W. LOW,

JOHN P. CHAPIN,

by WM. W. LOW,

HENRY NOLTE."

The contract or agreement referred to in the said submission as marked (A.), is as follows, to wit : —

" I hereby agree to purchase and store grain for Wm. W. Low and John P. Chapin, and deliver aboard of canal or steamboat, as follows: (3) three cents per bushel for oats, (4) four cents per bushel for wheat, beans, flax seed, or other kinds of seed or shelled grain; corn in the ear, (3) three cents; if shelled, (5) five cents per bushel. Ear corn to be accounted to them at 70 lbs. to the bushel, if taken in the ear, and if shelled, at 56 lbs.

" The above rates to apply on grain stored after this date, October 2, 1852, and held in store until the first of August, 1853, and ear corn in crib, until the first of October, 1853, if required.

" Storage for grain after navigation opens in the spring, say from the first of April till the last of November following, corn and wheat, (3) three cents, and oats, (2) two cents per bushel.

" I hereby agree to let said Low & Chapin have all grain or seeds as mentioned above, that I purchase, or cause to be purchased, by their furnishing me with money from time to time, as I may let them know I require it for the above-mentioned purpose. I am to purchase according to their instructions, and all grain purchased to be held subject to the order of Wm. W

Low. I am to have the privilege of buying at whatever the market price may be here, without being further instructed.

" This contract to continue in force one year from the 2d day of October, 1852, unless mutually agreed upon by the parties to·discontinue the same, if grain sacked and sewed to be paid for extra from above rates.　　　　　　　HENRY NOLTE,
Chillicothe, 2d October, 1852."　　　　Low & CHAPIN.

The arbitrators made the following award, to wit: —

" We the undersigned arbitrators, mentioned and agreed upon in the contract of submission hereto annexed, do certify, that pursuant to the terms and conditions of the said submission, we met at the court house in the city of Peoria, on the 28th day of February, A. D. 1854, and the parties and their attorneys being present, after being duly sworn according to law, proceeded to hear in part, the proofs and allegations of the parties, and the evidence not having been concluded, we adjourned the further hearing of the said cause until the next day, at nine o'clock, A. M., being the first day of March, 1854, at which time we again proceeded further to hear the evidence of the said parties, and the evidence having been closed, we again adjourned for consideration and deliberation, until the second day of March, A. D. 1854, at which time we again met, and after mature consideration and deliberation, have decided and awarded, and do decide and award as follows, to wit: —

" First. That the costs of the suit of Henry Nolte *v.* William W. Low, John P. Chapin, trespass on the case upon promises, be paid by the said William W. Low and John P. Chapin.

" Second. That the costs of the chancery suit of William W. Low, John P. Chapin *v.* the said Henry Nolte, be paid by the said William W. Low and John P. Chapin.

" Third. That the costs of the replevin suit of William W. Low and John P. Chapin *v.* Henry Nolte, be paid by the said William W. Low and John P. Chapin. And that upon the payment of the said costs as aforesaid, which shall be done at the next term of the circuit court of Peoria county, each of the said suits shall be dismissed, the residue of the terms and conditions of this award having been first complied with by the parties respectively.

" Fourth. We do further decide and award, that there is due from, and ought to be paid by the said William W. Low and John P. Chapin to the said Henry Nolte, for and on account of advances and commissions made and accruing to him under the contract attached to said submission, and for and on account of damages by him sustained on account of the violation

of the said contract, on the part of the said Low & Chapin, and for damages sustained by reason of the said Low & Chapin wrongfully suing out of the said writ of replevin, the sum of five thousand eight hundred and seventy-six dollars and forty-six cents; and we do award that the same be paid by the said Low & Chapin to the said Henry Nolte, within ten days after they shall have been served with a copy of this award.

"Fifth. We do further decide and award that the said William W. Low and John P. Chapin pay the costs of this arbitration, which are claimed and taxed as follows: Then follows the taxed costs, and signed and sealed. WM. KELLOGG, [seal.] W. C. BOILVIN, [seal.] H. C. ANDERSON, [seal.]"

Upon the filing of the said submission and award in the court, and making of the motion for judgment, the said Low & Chapin moved the court to set aside the award for various reasons, which are fully set out in the assignment of errors.

The court overruled the motion of said Low & Chapin to set aside said award, and granted the motion of said Nolte, and rendered judgment on the award against Low & Chapin for the whole sum.

The said Low & Chapin appeal to this court, and assign the following errors:—

1. General error.

2. Because the award made by the arbitrators is not final in relation to the said suits submitted to the arbitrators by the said submission.

3. Because the said arbitrators did not decide upon all matters submitted to them by said submission, and presented to them by the parties for their consideration.

4. Because said award is uncertain in its description of the suits to be dismissed, and other acts to be performed, and said award is therefore void.

5. Because the award is dependent upon a condition which is left to the option of one party for its performance.

6. Because the arbitrators took into consideration and adjudicated upon matters not submitted by the said submission, to wit, a claim of said Nolte for damages for being injured and broken up in his business, of $1,000, which claim was allowed by the arbitrators, and formed a part of the sum total of said award.

7. Because the said award is against the law and the evidence of the case submitted.

8. Because the court erred in overruling the exceptions of Low & Chapin to said award.

Low et al. *v.* Nolte.

9. Because the court erred in rendering judgment in the form and manner in which the same is rendered, being uncertain as to amount, and a part of it is conditional.

10. Because the court erred in adjudging that Low & Chapin should pay the costs of the several suits mentioned in the said judgment.

11. Because the court erred in adjudging that said chancery suit and replevin suit should be dismissed.

T. L. DICKEY and E. N. POWELL, for appellants.

N. H. PURPLE and R. S. BLACKWELL, for appellee.

CATON, J.   This judgment must be reversed, for the want of jurisdiction in the circuit court to enter it.   The court could only acquire jurisdiction to enter up a judgment upon an award of arbitrators where the submission and award were in conformity to the statute which authorizes a judgment in such cases.   Our statute provides for two cases only, where the court may render a judgment upon the award of arbitrators.   In section one, chapter seven, R. S., it is provided that parties may, by an instrument in writing, signed and sealed by them, and attested by at least one witness, submit to one or more arbitrators, any controversy existing between them, not in suit; and may in such submission, agree that the court may render a judgment upon the award made in pursuance of the submission.

The second section provides for submitting to arbitration suits pending in court, and declares that the court may at the instance of the parties to the suit, enter an order that the same shall be submitted to three arbitrators, to be named in the order. Upon the award of arbitrators, made in pursuance of such order, the court may enter up a judgment as upon the verdict of a jury.   In these cases, and in these alone, has the court jurisdiction to enter up a final judgment upon an award of arbitrators.   In all other cases of submission to arbitrators, the parties must be left to their common law remedies.

In this case, the agreement of submission, after reciting that divers disputes had arisen between the parties, relative to a certain contract, a copy of which is attached to the agreement, and that certain suits, or controversies, arising out of or connected with alleged violations of the contract, which suits are named and decided in the recital, proceeds, "Now, therefore, it is agreed between the said parties, that the said suits, and all and singular the matters and things pending between the parties in said suits, and properly and legitimately connected with them,

or either of them, and also all matters and things in difference between the said parties arising out of and connected with said contract be, and the same are hereby, by the mutual agreement of the said parties, submitted," &c. The agreement of submission was executed thus: —

" Wm. W. Low,
John P. Chapin,
by Wm. W. Low,
Henry Nolte."

It is manifest at the first glance, that here is a submission not contemplated by either section of the statute above referred to. While the subject-matter of this submission is not of all matters in difference between the parties, it is of all matters in dispute growing out of or relating to a particular contract, whether involved in the several suits then pending, and which are expressly submitted, or other matters of dispute growing out of the contract. The subject-matter of the submission, then, is not such as is required by the first section of the statute, in order to give the court jurisdiction to render a judgment upon the award. That section says, it shall be " controversies existing between them, not in suit." Here at least a part of the controversies which were submitted, were in suit, as is shown by the agreement of submission. The intention of the legislature is as clearly manifested as it could be by language, not to allow suits which were pending in court to be submitted to arbitration by agreements out of court, under that first section, and which confers upon the court jurisdiction to enter judgments upon awards made in' pursuance of agreements of submission *in pais*. Where parties submit pending suits to arbitration, by agreements out of court, they are clearly not entitled to the benefits of the statute, but are left to their remedy independent of it. But even if the subject-matter of the submission were such as is contemplated by the statute, the form of the execution of the agreement of submission is not such as is required. It is not under seal, and has no subscribing witness, both of which are expressly required by the statute, and are thus made indispensable formalities, in order to give the court jurisdiction to enter judgment upon the award. We might as well be asked to dispense with a written agreement of submission altogether, as to dispense with the seal and attesting witness. The simple answer to all is, that the statute requires it, and that is the law of the case, and unless we would palpably and knowingly disregard the law, we must obey it.

The want of compliance with the second section of the act is, if possible, still more manifest. The subject-matter of the submission under that section is a suit pending in court, and noth-

ing else; and the only mode of submission is, by a rule of the court, to be entered on the record. It is only where such a submission is made, that the court is empowered by the second section to enter any judgment on the award. Here the agreement of submission was made out of court, and, so far as this record shows, the first the court ever heard of it, was after the award was made, and when the motion was entered for the judgment. We are very clearly of opinion that the statute did not authorize this judgment, and that it must be reversed, and the party left to seek his remedy in another form, as he may be advised.

*Judgment reversed.*