JACOB WEINZ, Plaintiff in Error, v. JACOB DOPLER, Defendant in Error.

### ERROR TO WAYNE.

To authorize a justice of the peace to enter a judgment upon an award, it must be made in a suit pending before him, upon a reference by the parties.

Judgment cannot be entered in courts of record upon awards, unless the submission to arbitrators is made in pursuance of the statute.

An award, made upon a submission which is not in pursuance of the statue, must be enforced by common law remedies.

THIS case is stated in the opinion of the court. This cause was heard before BAUGH, Judge, at April term, 1855, of the Wayne Circuit Court.

C. A. BEECHER, for Plaintiff in Error.

S. S. MARSHALL, for Defendant in Error. ·

SKINNER, J.   Jacob Weinz and Jacob Dopler, on the 10th day of January, 1855, executed a writing under seal, whereby they mutually bound themselves to each other, that certain matters of difference between them should be determined by certain persons therein named, and that they would perform such award as said persons should make in writing, ready to be delivered on said 10th day of January, 1855.   The obligation also provided " that judgment should be rendered on such award, in any court having jurisdiction of the same."

On the 11th day of January, 1855, the arbitrators made their award in writing, and awarded that Weinz pay to Dopler $71.83, and costs of arbitration.

On the 13th day of January, 1855, Calvin McCracken, a justice of the peace of Wayne county, rendered judgment on this award, in favor of Dopler and against Weinz, for the sum in the award mentioned.   From this judgment Weinz appealed to the Circuit Court.

In the Circuit Court Weinz moved to dismiss the suit, for want of jurisdiction in the justice, which motion was overruled, and judgment was rendered on the award against Weinz.

The decisions of the Circuit Court in overruling Weinz's motion to dismiss the suit, and in rendering judgment on the award against Weinz, are assigned for error.

The record of the proceeding before the justice wholly fails to show service of summons on Weinz, or appearance.   The judgment was evidently rendered upon the award, without summons or appearance, upon the supposition that the submission

authorized the rendition of judgment thereon.  To authorize a justice of the peace to render judgment upon an award, the award must be made upon a reference by the parties to a suit pending before such justice.  R. S. 321, Sec. 43.

Chapter 7 of the Revised Statutes authorizes judgments to be entered upon awards in courts of *record*, and does not apply to justices of the peace; nor can judgment be entered in courts of record upon awards, unless the submission under which the arbitrators acted is made in pursuance of the statute.  In all cases of submission to arbitrators, not in pursuance of the statute, the parties are left to their common law remedies.  *Low et al.* v. *Nolte*, 15 Ill. 368.

In this case no suit was pending between the parties, before the justice; the award could have no other effect than at common law, and gave the justice no jurisdiction to render judgment against Weinz without service of summons or appearance. *Evans* v. *Pierce et al.*, 2 Scam. 468.

We are not called upon to decide whether the award is void, it not having been made within the time provided by the submission.

The powers of the arbitrators were derived from the submission, and beyond its provisions they could not go, without authority from the parties.

The Circuit Court should have dismissed the suit and reversed the judgment.                              *Judgment reversed.*