## John W. Pulliam

*v.*

## ·Narcisse Pensoneau.

33 375
171 416
33 375
77a 81
33 375
179 516

1. Mistake in Awards — *when relieved against in equity.* A court of equity will afford relief against a mistake in an award, as well as in other cases, when the facts disclosed require the relief. But it will never be done in a case where there is doubt or uncertainty. It is only in cases of clear and unquestionable mistake that a court of equity will interpose to reform the award, or to set it aside.·

2. Again, to entitle a party to such relief, it is necessary that the mistake should be that of all the arbitrators, and not a part of them only.

3. The reformation of awards for mistake is usual only when the mistake occurs in making a draft of the award. A mistake, in either the law or the facts, is not usually corrected by the courts, any more than in the case of a judgment or decree after it has been signed and entered of record.

4. But in favor of awards an exception has obtained when a mistake has been made in the draft of the award, or even in the finding of the award, when the arbitrators all concur that there was a mistake, and agree as to what it was. But in the absence of such concurrent testimony courts will not interfere.

5. Award — *of its conclusiveness.* The conclusion at which arbitrators arrive is the judgment of the court of the parties' own choosing, and in most respects it is similar to other judgments. It is conclusive upon the parties, both as to the law and the facts.

6. Witnesses — *impeachment of an award by the arbitrators.* As a general rule, arbitrators will not be permitted to give evidence to impeach their award. To this rule there is an exception in cases of fraud, and an exception has been allowed to establish a mistake.

Writ of Error to the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

In March, 1861, John W. Pulliam exhibited his bill in chancery, in the court below, against Narcisse Pensoneau, to set aside an award of arbitrators, for an alleged mistake.

Upon the hearing in the court below, the bill was dismissed. Thereupon, the complainant sued out this writ of error.

The pleadings and proof in the cause, sufficiently appear in the opinion of the court.

Mr. J. B. Underwood, for the plaintiff in error.

Error in computation by arbitrator justifies court in setting aside award. 19 Ill. 450; Cald. on Arb. 158, 162, 165, 168, n. 1, 169, 170, 173 to 176, 222; 28 Ill. 30.

Award rashly made set aside.   Cald. on Arb. 147, note.

Arbitrators competent witnesses to prove the error.   19 Ill. 425, 426 ; 28 Ill. 42; Cald. on Arb. 169, 170, 172, 174, 176.

Complainant need not apply for final settlement of all matters involved.   Cald. on Arb. 168, n. 1.

Mr. W. H. UNDERWOOD, for the defendant in error.

In the case of *Spurck* v. *Crook et. al.*, there was proof that undue influence and fraud were used in procuring the award. 19 Ill. 426, 427.

In case of a clear and unquestionable mistake, it is admitted that a court of equity may reform or set aside an award. 3 Scam. 458; 26 Ill. 160.

But in such cases the evidence should be clear and explicit as to what was intended by the arbitrators and that it was an accidental omission by mistake.   *Williams* v. *Warren*, 21 Ill. 553.

And the court must be satisfied that all the arbitrators, not a part, made a mistake, and when corrected, it is the award as designed to be made by all the arbitrators.   *Stone* v. *Atwood*, 28 Ill. 41; Cald. on Arb. 158 to 176; notes to id. 162, 163; 6 Metcalf, 131; 17 How. U. S. 349, 350.

The form and nature of the award signed by all the arbitrators, shows that they made a rough judgment without computation, and corroborates the testimony of Dauth, one of the arbitrators.

The testimony of the other arbitrators is contradictory and stultifies themselves, which they are not allowed to do.   *Smith* v. *Eames*, 3 Scam., 81; 28 Ill. 42, 43.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed to reform an award for an alleged mistake

of arbitrators. It alleges that the arbitrators by mistake omitted to allow complainant a credit of over five hundred dollars, to which he was entitled, which they intended and supposed they had allowed. The answer denies that any mistake was made, and insists that the amount claimed to have been omitted through mistake was unjust. Hughs, one of the arbitrators, testifies that they agreed to allow the account, but by being mislaid it was overlooked and was not taken into the calculation or deducted from defendant's account; that the arbitrators allowed him two thousand dollars, for which he had been credited, and that he would not have agreed to or signed the award had he known that these items had been omitted. Dauth testifies that several thousand dollars was claimed by each party on the trial before the arbitrators; that they could learn but little from the sworn statements of the parties; that when they came to decide the matter, their opinion was that they knew no more about the matter than when they commenced the trial; that Hughs made the motion to find the award as it was rendered; that an attempt was made to make a computation, but they were unable to arrive at a satisfactory conclusion; that all of the items presented were considered, and he knows of no item which was left out. If the items claimed in the bill were produced, an equal amount was produced by the other side.

Rittenhouse testifies that he thought the items claimed were included in his computation, but when he examined his figures the next day, he found that they had been omitted; that he would not have signed the award had he discovered the omission before it was done. He also states that defendant had admitted the correctness of the account. On the hearing in the court below, a decree was rendered dismissing the bill, and for costs against complainant. To reverse that decree this writ of error is prosecuted.

It is undeniably true that a court of equity will afford relief against a mistake in an award as well as in other cases, when the facts disclosed require the relief. But it will never be done in a case where there is doubt or uncertainty. It is only in cases of clear and unquestionable mistake that a court of equity will

interpose to reform the award or to set it aside. *Williams* v. *Warren*, 21 Ill. 541. Again, to entitle a party to such relief, it is necessary that the mistake should be that of all of the arbitrators, and not a part of them. *Stone* v. *Atwood*, 28 Ill. 30. If the mistake were not mutual on the part of all the arbitrators, when reformed it would still not be the award of each of them. If any mistake was made, it was not that of Dauth, as he denies that there was a mistake.

The reformation of awards for mistake is usual only when the mistake occurs in making a draft of the award. The conclusion at which arbitrators arrive is the judgment of the court of the parties' own choosing. And in most respects it is similar to other judgments. It is conclusive upon the parties, both as to the law and facts. A mistake in either is not usually corrected by the courts, any more than in case of judgments or decrees after they have been signed and entered of record. But in favor of awards an exception has obtained, when a mistake in the draft of the award, or even in the finding of the award where the arbitrators all concur that there was a mistake, and agree as to what it was; but in the absence of such concurrent testimony, courts will not interfere.

As a general rule, arbitrators will not be permitted to give evidence to impeach their award ; to this rule there is an exception in cases of fraud (Greenl. Ev. § 249 ; *Spruck* v. *Crook*, 19 Ill. 415), and an exception has been allowed to establish a mistake in the award. But in this case, the arbitrators do not say, that in determining the rights of the parties, they agreed to allow this sum to complainant. Two of them say that, by mistake, it was not taken into the computation, whilst the other thinks that it was embraced and passed upon, and overcome by allowance of items on the other side. It appears that all of the arbitrators do not concur that a mistake was made. The evidence failing to bring this case within the rules, the court below acted properly in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.*