## GEORGE T. COOK *et al.*

*v.*

## FREDERICK H. SCHROEDER *et al.*

1. ARBITRATION AND AWARD. *Held,* that a motion to enter judgment on an award made in pursuance of a submission not in accordance with the first and second sections of the statute entitled "Arbitrations and Awards," in that it was not under seal nor attested by any witness, and there was no order of court directing the submission, was properly overruled.

2. And it was not error, upon the overruling of such motion, for the court to proceed with the hearing of the cause, and render judgment on the original cause of action against the defendants in their absence. The defendants were bound to be in court and give prompt attention to the suit, and when there is such laches on their part in neglecting to be present in court, the judgment will not be disturbed.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, commenced May 25, 1868, by Frederick H. Schroeder and Thaddeus Rude, a copartnership firm, doing business under the name and style of Schroeder

& Rude, against George T. Cook and Jabez C Crooker, a partnership firm doing business as Cook & Co. Defendants pleaded the general issue, and subsequently, on the fifth of November, 1868, a plea of set off and other special pleas were filed. On the twenty-third day of July, 1869, the cause was continued as per stipulation on file. The stipulation is as follows:

"STATE OF ILLINOIS, }                *Circuit Court of said County,*
   LaSALLE COUNTY,      } ss.        *June Term,* 1869.

FREDERICK H. SCHROEDER *et al.* }
             *vs.*            } *Assumpsit.*
GEORGE T. COOK *et al.*           }

"It is hereby stipulated that the above cause may be passed on trial without prejudice, the matters in dispute having been submitted to the arbitration and award of Philo Castle and William Wirick, and their award is to be taken as the final disposition of said suit, and judgment to be entered in said cause according to the terms of the reference and to the finding of said arbitrators.

"Witness the hands of said parties the twenty-second day of July, A. D. 1869.

SCHROEDER & RUDE,
COOK & Co."

On the twenty-fourth of August following, the award of the arbitrators was filed, directing that the plaintiffs recover $64.49 and the costs of suit; that the defendants should furnish to the plaintiffs work and manufactured articles out of their shop to the amount of $341.34, within four months of the eighteenth of August, 1869, and that each party should pay one-half the costs of the arbitration. The following is the article of submission filed in the cause:

"We, the undersigned, hereby mutually agree to submit all matters in difference, comprising all suits, actions and causes

of action to the hearing, award and determination of Philo Castle and William Wirick, for them to hear and make their determination on the same, and to make their award in writing thereon; and it is further agreed that said award shall be a final determination of all such matters and differences hereby submitted.

"And the parties hereto bind themselves, each to each, in the sum of $100, to abide and fulfill the terms and conditions of said award.

"And it is further agreed that should said referees decide that either party shall pay to the other any sum of money, then such sum shall be entered up in judgment at the present June term of the circuit court, where an action is pending, brought by the firm of Schroeder & Rude against the firm of Cook & Co., being the same parties to this submission.

"Witness our hands this twenty-first day of July, A. D. 1869.

F. H. Schroeder,<br>Thaddeus Rude,<br>Geo. T. Cook,<br>J. C. Crooker.

In presence of A. W. Jacoby.

Mendota, August 5th.

It is hereby agreed that the referees need not be sworn in the hearing of the above case.      F. H. Schroeder,

Thaddeus Rude,<br>Geo. T. Cook,<br>J. C. Crooker."

On the twenty-ninth of November, 1869, a motion was entered for judgment on the award, which motion, on the twenty-fifth of February, 1870, was overruled by the court, and the defendants and their attorneys being absent, a jury was called and sworn, to assess the damages on the original cause of action.

The plaintiffs appeared with proofs, etc. and the jury returned a verdict in their favor, assessing their damages at the sum of

1870.] Cook *et al. v.* Schroeder *et al.* 533

Statement of the case. Opinion of the Court.

$546.44, upon which verdict the court rendered judgment. Whereupon, on the first of March, 1870, during the same term of court at which it was rendered, the defendants moved to set aside the judgment, and filed an affidavit of J. C. Crooker in support of the motion. On the fifth of March, the motion was taken up upon the affidavit and the record and papers in the cause. The affidavit set out the whole proceedings in the cause, and the circumstances under which the judgment was taken ; that the amount of money awarded to the plaintiffs had been tendered, and that the defendants had ever been and were still ready and willing to furnish the materials, etc. The court overruled the motion, to which ruling the defendants excepted, and bring the record to this court, assigning the following errors :

1. The court erred in overruling the motion for judgment on the award.

2. The court erred in allowing a jury to assess the plaintiff's damages, after the whole subject matter in dispute had been submitted to another tribunal, to wit : to arbitrators.

3. The court erred in rendering a judgment upon the verdict of the jury, while the award was on file, and was to be the foundation of the judgment, according to the terms of the article of submission.

4. The court erred in overruling the motion to vacate and set aside the judgment.

Messrs. Dewey & Eldridge, for the appellants.

Messrs. Bushnell & Avery, for the appellees.

Per Curiam : The only question presented for our consideration is the alleged error of the court below, in refusing to enter judgment on a pretended award, and in the rendition of judgment on the original cause of action, in the absence of the defendants.

The submission was not in accordance with either the first or second sections of the chapter of the statute entitled "Arbitrations and Awards." It was neither under seal nor attested by any witness. There was no order of court directing the submission, to bring it under the second section. The court therefore, properly overruled the motion to enter judgment on an award made in pursuance of such a submission. *Low* v. *Nolte,* 15 Ill. 368.

There was no error in rendering judgment on the original cause of action, on account of the absence of the parties. They were bound to be in court and give prompt attention to the suit. We cannot reverse a case when there is such *laches* on the part of the defendants, in neglecting to be present in court.

The judgment is affirmed.

*Judgment affirmed.*