## CHARLES A. GREGORY

*v.*

## PATRICK C. HEALY *et al.*

1.   JUDGMENT—*report of referee—jurisdiction.*   After issue, the parties to a suit by stipulation referred the cause to a referee to hear the evidence and try the case, and provided therein that judgment should be entered on his finding as on the finding of the court. The court heard no evidence, and judgment was rendered upon the mere report of the referee of a gross sum.   The referee was not sworn, nor were the witnesses:  *Held*, that as there was no proper submission according to the statute, the court had no jurisdiction to render judgment upon the report.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. KING, SCOTT & PAYSON, for the appellant.

Messrs. MILLER, VAN ARMAN & LEWIS, for the appellees.

Per CURIAM:   The record shows that this suit was instituted in the Superior Court, and after issue joined, that the parties stipulated in writing to refer the same to B. D. Magruder, " to hear the evidence and try and determine the cause, and that judgment be entered on his finding as on the finding of the court."

Either party was to have the right to move for a new trial, or to appeal, as in ordinary cases.

The judgment recites that Magruder found the issues for the plaintiffs, and assessed their damages against the defendant, at a certain sum, and the court thereupon rendered judgment.

The record shows conclusively that the court heard no evidence; that there was no trial in court, and that the judgment was rendered upon the mere report of a gross amount by the referee.

A paper, having the form of a bill of exceptions, is signed by the judge, and countersigned by Magruder, to give it validity.

It is, however, absolutely certain, from the entire record, that there was no trial by the court, and no evidence heard; and we can not review testimony taken in such manner. The referee was not even sworn, nor were the witnesses. The solemnities under which testimony should be taken were entirely disregarded.

There was no proper submission to this referee, which would authorize the court to enter up judgment upon his report.

The court had no jurisdiction to render the judgment. There was no submission, according to the statute. That requires a submission to three persons, to be named in the order. The court could only render a judgment when the submission is in pursuance of the statute. In other cases, the parties must be left to their remedies at common law. *Low* v. *Nolte,* 15 Ill. 368.

There was no confession of judgment, but a mere pretense of a trial, in violation of all the rules of law.

We can not review evidence taken as this was, and an affirmance of the judgment, under the circumstances, would be wrong. It is, therefore, reversed and the cause remanded.

*Judgment reversed.*