## ANDREW J. EISENMEYER
### *v.*
## JOHN SAUTER.

1. ARBITRATION—*award not void because proceedings are not in conformity to the statute.*  Although a submission to arbitration may not be in conformity with the statute, the award will not be invalid for that reason.  If it is good at common law, an action can be maintained upon it independently of the statutory remedy.

2. AWARD—*reforming in equity for mistake.*  A court of equity will correct a mistake in an award where it is mutual, was acquiesced in by all the arbitrators, and where the award, as made, is not their award, but, if corrected, would be the award of all of them.

3. Where all the arbitrators testify to a mistake in their award, not in the several sums found to be due, but in making an addition of the sums so found, the award may be corrected.

4. DEPOSITION—*must be signed by witness.*  Where a deposition taken before a master in chancery, and reported by him, is not signed by the witness, it should, on motion, be stricken from the record.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in equity, by John Sauter against Andrew J. Eisenmeyer, to correct a mistake in the award of arbitrators.  The opinion of the court states the facts of the case. The deposition of one of the arbitrators, taken before the master and reported by him, was not signed by the witness. The court below reformed the award, and decreed payment of the sum found to be due the complainant on the same as corrected, from which decree the defendant appealed.

Mr. A. H. White, for the appellant.

Mr. G. Van Hoorebeke, for the appellee.

Mr. Chief Justice Scott delivered the opinion of the Court:

This bill was to correct a mistake in an award. Complainant and defendant had been partners in the milling business. In 1869, by mutual agreement, the firm was dissolved. By an arrangement agreed upon, defendant was to collect all debts due the firm, and, after discharging the liabilities of the concern, was to account to complainant for his just share. Pending an action to settle the accounts between the parties, they referred all matters in dispute between them to the arbitrament of arbitrators mutually chosen, and thereupon the suit was dismissed.

The agreement to arbitrate was in writing, and the award, when made, was to be final and conclusive upon the parties thereto as to all matters submitted. An award was subsequently made in writing, but the bill is framed on the theory a mistake occurred in the award: that the arbitrators, among other things, allowed complainant but $1500 in money, when in fact, they intended to allow him $2700. Subsequently, the arbitrators, by a second and third award, attempted to correct the alleged mistake, but it is not insisted their action is binding on defendant.

Although the submission to arbitration may not have been in conformity with the provisions of the statute on that subject, the award for that reason was not invalid. It may be true, no judgment could have been rendered upon it under the statute, but it was good at common law, and the parties could maintain their independent action upon it. *Low* v. *Nolte*, 15 Ill. 368; *Weinz* v. *Dopler*, 17 Ill. 111.

There is no doubt of the power of a court of equity to correct a mistake in an award where it is the mutual mistake of all the arbitrators. The award is sometimes treated as the

judgment of a tribunal of the parties' own choosing, and sometimes as an agreement which they have authorized the arbitrators to make for them. Regarding it in the latter character, courts of equity have assumed to correct a mistake in an award, where it is mutual, was acquiesced in by all the arbitrators, and where the award, as made, is not their award, but, if corrected, would be the award of all of them. *Stone* v. *Atwood,* 28 Ill. 30; *Ballance* v. *Underhill,* 3 Scam. 453; *Pulliam* v. *Pensoneau,* 33 Ill. 375.

The case before us comes within the principle of the cases cited in this court. Both the arbitrators testify there was a mistake in their award, and that it occurred in making the additions of the several sums which represent the accounts as found. It was simply a mistake in making the additions, and not in the several sums found. The award, as corrected, was the award of the arbitrators, but, as written, it was not the award of either of them.

That which purports to be the testimony of one of the arbitrators was never signed by him. It is improperly in the record, and the motion to strike it out should have been allowed.

The whole case considered, presents grounds for the interposition of a court of equity. It is not seriously contended the award, as corrected, does not do justice between the parties. There was evidently a mistake on the part of all the arbitrators in stating the amount they found to be due to complainant, and it is agreeable to justice and good conscience it should be corrected.

The decree of the circuit court will be affirmed.

*Decree affirmed.*