# The Kankakee and Southwestern Railroad Company

v.

## David Alfred.

1.  Arbitration—Award—Oath of arbitrators.—A submission of all differences between parties respecting a certain matter is sufficient basis for an award, and such award is binding at common law, although the arbitrators were not sworn, the submission not requiring them to be sworn.

2.  Award under the statute—Waiver of oath.—Such an award would be good as a statutory award, although the statute required the arbitrators to be sworn. The parties may waive the statutory requirement, and proceeding to a hearing before unsworn arbitrators without objection, they will be deemed to have so waived the swearing.

3.  Recitals in award.—It is not necessary in this State that it should appear on the face of the award that the arbitrators were sworn.

4.  Impeaching award.—The affidavit of a person that he heard one of the arbitrators say that they were not sworn, is not sufficient evidence of that fact. An arbitrator should not be allowed to impeach his award by merely saying that he and his co-arbitrators neglected to be sworn.

5.  Extent of award.—Although in obtaining a right of way by a proceeding under the statute, the compensation should all be in money, yet under this submission of all disputes and controversies on the subject, the award as to fences and crossings was within the power conferred.

6.  Enforcement of award.—The submission being of all matters in dispute with regard to the right of way, the award was not one on which a judgment could properly have been rendered for a sum of money. The payment of the money and conveyance of the right of way were properly made concurrent acts, but the enforcement as a statutory award could only have been compelled under section eight of the statute.

Appeal from the Circuit Court of Livingston county; the Hon. N. J. Pillsbury, Judge, presiding. Opinion filed May 2, 1879.

Mr. S. S. Lawrence, for appellant; that the court had no jurisdiction to entertain the motion to quash, cited Low v. Nolte, 15 Ill. 368; Moody v. Nelson, 60 Ill. 229; Foster v. Durant, 2 Cush. 545; Rankin v. Rankin, 36 Ill. 293.

Mr. A. E. Harding, for appellee; in support of the motion,

cited Rev. Stat. 1874, Chap. 10, §§ 1, 5, 6, 16; Buntain v. Curtis, 27 Ill. 374.

LELAND, J. On August 22, 1878, the parties to this suit entered into a submission of that date as follows, which was duly signed and sealed:

" Whereas, divers disputes and controversies have arisen and are now pending and unsettled between David Alfred, of the township of Charlotte, in the county of Livingston and State of Illinois, of the one part, and the Directors of the Kankakee & Southwestern Railroad Company, of the county of Cook and State aforesaid, with regard to the right of way of the above named Railroad Company across the said lands of the said David Alfred, in said township of Charlotte, in the county and State aforesaid, being the northwest quarter of section thirty-four, and the northwest quarter of the southwest quarter of section thirty-four, township twenty-seven, range number eight, east of the third principal meridian, in the county of Livingston and State of Illinois.

" Now, therefore, for the purpose of settling and determining such dispute and controversies, it is hereby mutually agreed and understood between the said parties, that the same shall be referred and submitted to the arbitrament and determination of Charles G. Greenwood, and L. T. Stoutemyer and D. B. Puffer, all of said county and State, or all three of them, if they can agree on said award; and the arbitrators, or all three of them, shall make and publish their award in writing, under their hands and seals, and deliver the same to the parties, or either of them who shall desire the same, on or before the 24th day of August, A. D. 1878. And it is hereby further agreed and understood by and between the said parties, that this submission shall be made a rule of the Circuit Court within and for said county of Livingston and State aforesaid, and that judgment may be entered in said court on said award according to the terms.

" And it is hereby further agreed and understood, that the said party of the first part shall name one person as arbitrator, and the party of the second part shall name one party as

arbitrator; that then these two arbitrators shall select the third party as arbitrator. And it is further hereby agreed and understood by and between the said parties, that the three parties named as arbitrators shall all agree on the award; and in case the three parties named cannot all agree in the award, that then the parties of the first and second part shall select other arbitrators."

On the 24th of August, 1878, the arbitrators made and published the following award of that date, viz:

" State of Illinois, ⎱
  " Livingston County, ⎰ ss.

" Whereas, we, the undersigned, Charles G. Greenwood, L. T. Stoutemyer and D. B. Puffer, of said county and State, having been duly selected as arbitrators, to settle the matters in controversy between David Alfred, of Charlotte township, in said county and State, and the directors of the Kankakee & Southwestern Railroad Company, by virtue of the agreement entered into by said parties, a copy of said agreement being hereto annexed, and marked 'Exhibit A,' having just gone over and carefully examined the proposed route of said railroad over the land described in 'Exhibit A,' the property of said Alfred, as shown by the plat of said land and proposed route of said road in ' Exhibit B,' hereto annexed, and having heard the allegations and proofs of the said parties, and duly considered the same, do award and determine as follows:

" That the said railroad company shall have the right to construct their railroad over the lands of said David Alfred, as shown by the plat on 'Exhibit B,' hereto attached; and for such purpose the said David Alfred shall make to such company a good and sufficient deed to a strip of land eighty feet wide, across his said land, as shown by the proposed route of said road on 'Exhibit B;' and the said railroad company, as they are building said road, upon opening his· fence on the north side of his pasture on said land, shall erect a good and sufficient fence to turn stock across the said pasture on the west side of said road; and as soon thereafter as possible shall erect a good and sufficient fence to turn stock on each side of said road its entire length on said land; and shall keep such fences in good

repair as long as the said route shall be used for railroad purposes. Said company also to build a driveway for stock under their said railroad, at the place marked 'pass' in 'Exhibit B;' and also to build and keep in repair two crossings for teams over said road at the places marked 'crossings' in 'Exhibit B;' and shall also pay to the said David Alfred the sum of four hundred dollars, at any time fixed upon by them, upon giving said Alfred three days' notice of the time when, and the place where, the money will be paid, and at the same time the said Alfred shall deliver to said company the deed aforesaid.

"In witness whereof, we have hereunto set our hands and seals, this 24th day of August, A. D. 1878.

"C. G. GREENWOOD,    [SEAL.]

"L. T. STOUTEMYER,    [SEAL.]

"DANIEL B. PUFFER,    [SEAL.]"

The plat mentioned was made and attached, and it is definite and unambiguous. The award was never filed by appellant, and the action of the court requested under Sec. 7 of Chap. 10, Rev. of 1874, p. 150, by motion for judgment, nor for enforcing the performance by rule, as provided for in section eight of that chapter; but the appellee gave appellant notice that he would move to set aside and quash it, and upon hearing the motion the court did set it aside and quash it. To which summary relief the appellant took exceptions, and appealed to this court.

The only evidence in support of the motion was the affidavit of one Larned, that he heard the arbitrator, Stoutemyer, say that the arbitrators were not sworn.

Against the motion, Jeffery, the superintendent of the railroad company, made affidavit that he tendered Alfred the $400 on October 1st, 1878, and that he had kept the tender for him.

The grounds of the motion were:

1st. Arbitrators passed on matters not submitted to them.

2nd. Arbitrators exceeded their power.

3d. By their award they delegated to another part of the power conferred upon them by the submission.

4th. The award is uncertain.

5th. Because, by the award it does not appear that the arbitrators were sworn.

6th. Said award cannot be enforced.

On the question whether the action of the court below was right in setting aside and quashing this award—provided the case was one in which the court had jurisdiction to do so—all we can say is, that after a most careful examination of the submission and award, we are not able to discover any reason why the award is not a valid one, and binding upon the parties to it; and that consequently it should not have been set aside and quashed. Whether it was an award upon which a judgment could be rendered under section seven aforesaid, or a rule taken under section eight, is entirely immaterial. Whether the arbitrators were sworn or not, the award was valid and binding as a common law award, and appellant could not, merely because the arbitrators were not sworn, be deprived of its right to sue upon the award or file a bill to enforce its performance. The submission does not require the arbitrators to be sworn, and the award is therefore clearly valid as a common law award. Eisenmeyer v. Sauter, 77 Ill. 515; Smith v. Douglass, 16 Ill. 34; Weinz v. Dopler, 17 Ill. 111; Tynan v. Tate, 3 Neb. 388.

There is a conflict of authority as to whether a statute award is valid, if the arbitrators be not sworn, where the statute directs that they shall be. In Louisiana and Kentucky it has been held that the award is void if they be not sworn. Overton v. Alpha, 13 La. Ann. 558; French v. Mosely, 1 Littell, 247; Lile v. Barnett, 2 Bibb. 166. In New Jersey it has been decided both ways. Ford v. Potts, 1 Halst. 393; Inslee v. Flagg, 2 Dutcher, 368. In New York, Missouri and Wisconsin, and perhaps other states, it is held, and we think with better reason, that the parties may waive the requirement of the statute, and that if they tacitly go on with the hearing before unsworn arbitrators, they shall be deemed to have so waived the swearing. Howard v. Sexton, 1 Denio, 440. Same case, 4 Comst. 157; Browning v. Wheeler, 24 Wend. 258, Tucker v. Allen, 47 Mo. 488; Hill v. Taylor, 15 Wis. 190; see also, Newcomb v. Wood, Sup. Ct. U. S. Central Law Journal, vol. 8, p. 175. It would certainly be a fraud for one of the parties, noticing the omission, to keep silent, and if the award should be

favorable, to still remain silent, but if unfavorable, to move to set it aside because of the undisclosed omission; and we are not disposed to consider the neglect a fatal one, even on a motion for judgment under the statute. It is not necessary, in this State, that it should appear upon the face of the award that the arbitrators were sworn. Duncan v. Fletcher, Breese, 252. But the question about waiving the oath has not yet been raised in the Supreme Court, to our knowledge.

There is, however, no sufficient evidence that the arbitrators were not sworn. An arbitrator should not be allowed to impeach his award by merely saying that he and his co-arbitrators neglected to be sworn. Stone v. Atwood, 28 Ill. 30; Pulliam v. Pensoneau, 33 Ill. 375.

As we are unable to discover any defect in the submission or in the award, we think the court below erred in sustaining the motion, whether the award was one presented for judicial action under section seven or eight, or not.

The submission being of all matters in dispute with regard to the right of way, the award was not one on which a judgment could properly have been rendered for a sum of money. Rev. Stat. of 1874, p. 477, Sec. 10; Peoria, etc. v. Peoria, etc. 66 Ill. 174. The payment of the money and the conveyance of the right of way should of course be concurrent acts, and they were properly made so by the award. Its enforcement as a statute award could only have been compelled under section eight.

Even if we should concede that the award might in a proper case be set aside on motion of the party filing it, as well as on cross-motion when filed by the opposite party (see Morse on Arbitration and Award, 611), it is unnecessary to so decide in this case.

Though in obtaining a right of way by a proceeding in court under the statute, the compensation should all be in money (Ch. M. & St. P. Railway Co. v. Melville, 66 Ill. 329), under this submission of all disputes and controversies on the subject, the award as to fences and crossings was within the power conferred.

The parties have selected their own tribunal, and have agreed to abide by its decision, and we can perceive no good reason

why they should not do so; and therefore the order of the court below is reversed.

Reversed.

Pillsbury, P. J., took no part in the decision of this case.