Martine v. Harvey.

Reversed and remanded.

## James E. Martine
### v.
## James D. L. Harvey.

1. Judgment on award of arbitrators.—Jurisdiction to enter judgment upon award of arbitrators, being wholly given by statute, the proceeding must conform strictly to the requirements of the statute or the court will have no jurisdiction nor authority to enter judgment upon an award.

2. Two classes of cases of submission to arbitration.—Under Sec. 1 of the Act in regard to arbitration and awards, relating exclusively to pending suits, the court has no authority to order a submission to one arbitrator, or to any greater or less number than three. Under Sec. 16 parties may submit controversies between them to any number of arbitrators mutually agreed upon; but to entitle them to have a judgment rendered upon the award it must affirmatively appear in the articles of submission, that the submission was of matter not in suit. In this case the submission was not made by an order of court, but by the agreement of the parties, the submission being to a single arbitrator; but as the submission fails to show that the matters submitted were not matters in suit, the parties have not brought themselves within either section of the statute.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed March 27, 1883.

This is a writ of error prosecuted to reverse the judgment of the circuit court rendered upon the award of an arbitrator, made under written articles of submission between the parties, as follows:

" Whereas, certain controversies exist, and for a long time have existed, between James E. Martine, of Chicago, and James D. L. Harvey, in his own right, and as a member of and successor to the late firm of L. C. Curtis & Co., in rela-

tion to divers subjects, claims and demands. And, whereas, the said firm of L. C. Curtis & Co. has been dissolved, and the said Harvey has assumed and agreed to pay all the just and valid claims, liabilities and demands existing against said co-partnership,

"Now, therefore, it is hereby mutually stipulated, covenanted and agreed by and between the said James E. Martine and James D. L. Harvey, that all and all manner of actions, causes of actions, controversies, claims and demands whatsoever, now pending, existing or held by and between the said Martine and the said Harvey, either in his own right or as a member of and successor to the said firm of L. C. Curtis & Co., shall be submitted to Erastus S. Williams, Esq., of Chicago, as arbitrator, who shall arbitrate, award, judge and determine of and concerning the same, with full power to award the payment of all the costs and expenses incurred in such arbitration.

" And the said James E. Martine and James D. L. Harvey hereby covenant and agree to and with each other, that the award so to be made by the arbitrator, shall in all things by them, and each of them, their heirs, executors and administrators, be well and faithfully kept, observed and performed; provided, however, that such award be made in writing, under the hand of said arbitrator, ready to be delivered to them, or either of them, on or before the 15th day of December, 1879.

"And it is further stipulated and agreed, by and between the respective parties hereto, that upon the filing of this instrument, together with the award of said arbitrator, in the Circuit Court of Cook county, Illinois, judgment may be entered upon such award in the manner provided by statute.

" In witness whereof the said parties have hereunto set their hands and seals the 20th of October, 1879.

" JAMES E. MARTINE.     [Seal].<br>
" JAMES D. L. HARVEY. [Seal]."

Under this agreement Williams, the arbitrator, made the following award :

AWARD.

" After an examination of all the evidence, as well document-

ary as oral, produced before me by both Martine and Harvey, I find James Martine to be indebted to James D. L. Harvey, in the sum of $1,685.66 over and above all discounts and set-offs, and I find that each party shall pay his own costs in the matter of this arbitration, except the fees of the arbitrator, which are to be borne one half by Martine and one half by Harvey, December 13, 1879.

"E. S..WILLIAMS, Arbitrator."

The agreement to arbitrate, together with the oath of the arbitrator and his award, were filed in the circuit court December 13, 1879, and on the 20th of the same month plaintiff in error filed exceptions thereto, and moved that the award be set aside. The court denied the motion, and upon final hearing of the cause rendered judgment on the award in favor of plaintiff in error for $1,685.66 to all which he duly excepted. He brings the case here by writ of error, and assigns as error, among others,

That the submission submits to the arbitrator actions pending between the parties, and was not made a rule of court, but was made by the parties out of court.

That it is not shown either by the submission or award that any of the matters in controversy, and passed upon by the arbitrator, were not in suit.

That the court had not jurisdiction under the statute to render the judgment on the submission and award, and the judgment is therefore null and void.

Messrs. FORRESTER & FELSENTHAL, for plaintiff in error; that the jurisdiction of the court in this case is conferred exclusively by the statute, and the statute must be strictly construed, cited Johnson v. Johnson, 30 Ill. 215; Low v. Nolte, 15 Ill. 368; Hamilton v. Hamilton, 27 Ill. 158; Rankin v. Rankin, 36 Ill. 298.

A court may vacate a judgment after the term at which it was rendered when it is nugatory for want of jurisdiction over the parties: Freeman on Judgments, §§ 96, 98.

Mr. M. S. ROBINSON, for defendants in error; cited R. S. Ch. 10, §§ 1,16.

As to the construction of an award : Merritt v. Merritt, 11 Ill. 565; Herickson v. Reinback, 33 Ill. 299.

Circuit courts are courts of general jurisdiction, and are presumed to have jurisdiction in every case adjudicated by them until the contrary affirmatively appears : Kenney v. Greer, 13 Ill. 432; Gillian v. Gray, 14 Ill. 416; Farmers', etc. v. Buckles, 49 Ill. 482; Diblee v. Davison, 25 Ill. 486; Wallace v. Cox, 71 Ill. 546.

WILSON, J. Jurisdiction to enter judgment upon awards of arbitrators, is conferred by the statute upon courts of record, in two classes of cases. Section 1 of the act concerning arbitrations and awards, provides that whenever the parties to a suit pending in any court of record shall be desirous and wil'ing to submit the matter involved in such suit to the decision of arbitrators, an order shall be entered directing such submission to three impartial and competent persons to be named in such order, such arbitrators to be agreed upon and named by the parties. But if the parties are unable to agree, each shall name one and the court the third.

Section 16 provides that persons having the requisite capacity may, by an instrument in writing to be signed and sealed by them, submit to one or more arbitrators any controversy existing between them *not in suit*, and may agree in such submission that a judgment may be entered upon the award made pursuant thereto, in any court of record competent to have jurisdiction of the subject-matter named in the instrument of submission.

The proceeding, so far as it relates to the entering of judgment upon an award, being wholly statutory, must conform strictly to the requirements of the statute or the court will have no jurisdiction nor authority to enter judgment upon the award. Low v. Nolte, 15 Ill. 368.

The first section of the act relates exclusively to pending suits, in which class of cases the court has authority to enter an order submitting the matter involved to three arbitrators. Section sixteen relates exclusively to controversies *not in suit* Under section one the court has no authority to order a sub-

Martine v. Harvey.

mission to one arbitrator, or to any greater or less number than three; nor has the court authority to make an order of submission in respect to any matter not involved in a pending suit. Under section sixteen parties may submit controversies between them to any number of arbitrators mutually agreed upon, but to entitle them to have a judgment rendered upon the award, it must affirmatively appear that the submission was of matters not in suit. Unless this appear in the articles of submission, the court is without jurisdiction to enter judgment, and the party is left to his remedy independent of the statute.

In the case before us the submission was not made by an order of court but by the agreement of the parties, the submission being to a single arbitrator. It fails to show that the matters submitted were *not* in suit; it shows, rather, the contrary in respect to some of the matters. Its language is, "all, and all manner of actions, causes of actions, controversies, claims and demands whatsoever, now pending, existing, or held, etc., shall be submitted to Erastus S. Williams, Esq., as arbitrator." Certainly no inference can be drawn from the language used, that the submission did not embrace pending actions, or that no actions were pending. On the contrary, the inference would be that the parties would not have mentioned "pending actions" if no actions were pending, but it is sufficient that the submission fails to show that the matters submitted were not matters in suit. The parties have not brought themselves within either section of the statute authorizing the entry of judgment upon an award.

The judgment of the court is therefore reversed.

                                        Judgment reversed.