## Joseph J. Duffy v. Henry C. Odell.

### Gen. No. 11,643.

1. ARBITRATION AWARD—*what essential to entitle judgment upon.* Where a party presents an award and asks judgment thereon he must show that the statute authorizing the substitution of the award for the verdict of a jury has been strictly complied with in all essential particulars before his request can be granted.

2. ARBITRATION AWARD—*upon what jurisdiction to enter judgment upon, depends.* The jurisdiction of the court to enter judgment upon an award depends not upon the agreement of the parties to the cause but upon the law, and the fact that the party objecting to the entry of

judgment upon such award has agreed to waive and release errors, etc., does not obviate the failure of the parties to such agreement to comply with the statute authorizing the substitution of such an award from the verdict of a jury.

Action on the case to recover damages alleged to have been caused by the negligent use of explosives. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE. Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed December 15, 1904.

Statement by the Court. Appellee sued appellant and the city of Chicago in an action of tort to recover damages to his dwelling house, caused, as he alleges, by the negligent use of explosives in the construction of a water tunnel by the city and said Duffy. After issue joined, appellant and appellee entered into the following sealed agreement:

"This agreement made this 3rd day of June, 1903, between Henry C. Odell, party of the first part, and Joseph J. Duffy, party of the second part, both of Chicago, Illinois, witnesseth:

Whereas, the party of the first part has brought suit against the party of the second part in the Circuit Court of Cook county, being suit No. 202,572, to recover for damages to the property known as No. 867 West Monroe street, in the city of Chicago, occurring on and after July 1, 1896, by reason of the operations of the party of the second part in excavating a tunnel under or adjacent to said property under his contract with the city of Chicago;

And, whereas, the parties are desirous of determining the amount of damage which said party of the first part has sustained by reason thereof. without the expense and delay of a trial of said cause, and for that purpose have agreed to submit the amount of said claim to arbitration; therefore, it is agreed:

1. That the party of the first part hereby appoints William J. Scown, of the city of Chicago, and the party of the second part hereby appoints Alfred C. Mace, of the city of Chicago, as two of said arbitrators. And it is agreed that the two arbitrators so named shall forthwith agree upon a third, and the three thus named shall proceed at once to hear and determine said matter.

2. Said arbitrators are to examine said premises and consider such evidence as they or any one of them may

desire with reference to the question of the amount of damages suffered by said party of the first part, and from such examination and evidence determine and report in writing the amount of said damages:

3.   In case said arbitrators cannot agree as to the amount of the damages sustained, the decision of any two of them shall be binding as an award.

4.   Said party of the second part, for the purpose of determination by said arbitrators, hereby waives all question of his liability for said damages, and agrees to pay the amount found to be due by said arbitrators, upon the publication of their award.

5.   It is further agreed that in case the award of said arbitrators is not paid within thirty days after the rendition thereof, said award may be filed in the suit above described, and judgment thereupon entered by said court for the amount of said award against said party of the second part, with costs of suit, and that immediate execution may issue thereon.   And in case such judgment is entered, said party of the second part hereby waives and releases all errors that may intervene in the entry of said judgment, and waives the right of appeal or writ of error thereon."

The two arbitrators named accepted the position and selected William Sinclair as the third arbitrator, and he agreed to act as such.   Later, the following award was made:

" Whereas, matters in dispute between Henry C. Odell and Joseph J. Duffy, both of the city of Chicago, county of Cook and State of Illinois, were by them submitted to the undersigned, William J. Scown, Alfred C. Mace and William Sinclair, as arbitrators, as by their submission under seal, bearing date the third day of June, A. D. 1903, more fully appears;

Now, therefore, we, the arbitrators mentioned in said submission, having been first duly sworn according to law, having heard the proofs and allegations of the parties so far as necessary, and having examined the premises and the matters in controversy, do make this, our award in writing, that is to say :   We find that the said Henry C. Odell, the party of the first part, has suffered damage by reason of the operations of the party of the second part by reason of injuries to the property known as No. 867 West Monroe street, in the city of Chicago, county of Cook and State of Illinois, in the sum of $1,399.50.   And we do

award and determine that the within named Henry C. Odell shall recover of and from the within named Joseph J. Duffy the sum of $1,399.50, and that the same shall be in full of all matters within referred to us.

Witness our hands and seals, this Sept. 8th, A. D. 1903.

WM. J. SCOWN.      [SEAL.]
WILLIAM SINCLAIR.   [SEAL.]"

When this award was presented to the trial court and judgment was asked thereon, appellant filed objections thereto, the eighth of which reads : " That the court is without jurisdiction to enter judgment upon said award." The court overruled these objections and entered judgment on the award against appellant for the sum named in the award. From this judgment the present appeal was perfected.

SEARS, MEAGHER & WHITNEY, for appellant; NATHANIEL C. SEARS and WILLIAM M. FLOOK, of counsel.

TENNEY, COFFEEN & HARDING, for appellee; HORACE KENT TENNEY, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The only question we need to consider is this : did the trial court have jurisdiction to enter judgment upon this award ?

The parties hereto, while the matter in dispute was pending in suit, entered into the agreement above set forth, and upon the finding of the arbitrators being presented to the trial court, judgment was entered in that case upon the award for the sum therein named. That appellee had certain common-law remedies arising out of the award is undisputed; but appellee did not attempt to enforce any of these remedies. On the contrary he proceeded as if this were a statutory arbitration, and asked and induced the court, upon no other evidence than such agreement and award, to enter a judgment in the pending case against appellant for the damages found by the arbitrators.

Section 1, chapter 10, R. S., reads as follows: " That

whenever the parties to any suit pending in any court of record shall be desirous and willing to submit the matter involved in such suit to the decision of arbitrators, an order shall be entered directing such submission to three impartial and competent persons to be named in such order— such arbitrators to be agreed upon and named by the parties. But if the parties are unable to agree, each shall name one and the court the third." This section is identical with section 2, chapter 7 of the Revised Statutes of 1845. In the case at bar the court entered no order in the pending suit directing such submission to three disinterested and competent persons. The first notice of this submission given to the court, as shown by the record, appears when judgment was asked upon the award. The substitution of the damages found by arbitrators in lieu of the damages to be found by a jury is unknown to the common law. Hence the party presenting an award and asking for judgment upon it for the damages stated therein, must show that the statute authorizing such substitution has been strictly complied with in all essential particulars before his request can be granted. Without such showing the court lacks jurisdiction to make the order.

In Low v. Nolte, 15 Ill. 368, a motion was made for judgment upon an award. The matters in controversy, namely, the alleged violations of a certain contract, were then pending in certain suits. The parties, without complying with the statute in that regard, had submitted such matters to arbitrators, and the men so selected had made an award finding that Low & Chapin should pay to Nolte the sum of $5,876.46 as damages for such violations. The court entered judgment upon the award. From this action an appeal was taken. The Supreme Court, after showing that section 1 of said chapter 7, R. S. 1845 (now section 16 of chapter 10), had not been complied with, say : " The want of compliance with the second section of the act is, if possible, still more manifest. The subject-matter of the submission under that section is a suit pending in court, and nothing else; and the only mode of submission is, by a

rule of the court, to be entered on the record.  It is only where such submission is made, that the court is empowered by the second section to enter any judgment on the award. Here the agreement of submission was made out of court, and, so far as this record shows, the first the court ever heard of it was after the award was made, and when the motion was entered for the judgment.  We are very clearly of opinion that the statute did not authorize this judgment, and that it must be reversed, and the party left to seek his remedy in another form, as he may be advised."

This statute has remained unchanged for sixty years, and as far as we can ascertain the interpretation given it in Low v. Nolte, *supra*, has never been questioned.  On the contrary it has been cited, approved or followed in many subsequent cases, among which are Weinz v. Dopler, 17 Ill. 111; Rankin v. Rankin, 36 Ill. 298; Cook v. Schroeder, 55 Ill. 533; Moody v. Nelson, 60 Ill. 229; Gregory v. Healy, 61 Ill. 470; Morey v. Warrior M. Co., 90 Ill. 310; Martine v. Harvey, 12 Ill. App. 590; Chickering v. DeVoll, 55 Ill. App. 444.

Counsel for appellee call attention to the fact that in the agreement it is stated:  "And in case such judgment is entered, said party of the second part (appellant) hereby waives and releases all errors that may intervene in the entry of said judgment, and waives the right of appeal or writ of error thereon," and assert that this clause bars appellant from obtaining a reversal of the judgment.  The jurisdiction of the court depends, not on the agreement of the parties, but on the law.  The promise of appellant to waive the right of appeal and the right to sue out a writ of error, was not incorporated in the record of the court. It is found in the agreement only.  Such a promise does not estop the party making it from taking the case to an appellate tribunal.  Fahs v. Darling, 82 Ill. 144.

Counsel for appellee cite Boyles v. Chytraus, 175 Ill. 375, a judgment by confession, in which the court say: " By the cognovit also the defendants below agreed that no writ of error shall be prosecuted on the judgment entered

by virtue of such warrant of attorney. In view of such waiver and release, the plaintiffs in error cannot be permitted to assign as error that which they have solemnly released of record. They must be bound by their deliberate declarations entered of record in open court." The line of demarcation between the case at bar and the case last cited is clear.

Authorities need not be cited to sustain the proposition that the objection that the trial court had no jurisdiction to enter judgment upon the award may be made at any time.

The judgment of the Circuit Court is reversed and the cause is remanded.

*Reversed and remanded.*