Opinion of the Court
THIS is an appeal from a judgment rendered on an award made out by arbitrators, in an ejectment prosecuted by French in the circuit court. The declaration appears to have been served on the tenants in possession, Thomas Moseley, Edward Lally, Joseph Bundrant and Edward Butt; and, on the motion of Moseley, he was admitted defendant, to defend for himself and the other tenants, and after entering into the common rule, pleaded the general issue. At a subsequent term, in pursuance to a written agreement, signed by French and the defendant Moseley, for himself and the other tenants, an order was made, referring the determination of the matter in contest to James Mason, Willis Cook, Enoch Smith, Reuben M'Donald and Micajah Harrison; reserving, however, to the defendants, in case the decision of the arbitrators should be against them, all right in equity which they would otherwise have been entitled to assert. The arbitrators awarded in favor of the defendants, and after overruling French’s motion to set aside the order (if submission, and after exceptions taken by him to the award, judgment was rendered by the court, on the award, against him.
The motion to set aside the order of submission, was predicated on the supposition of its having been irregular, after Moseley was permitted to defend for himself and the other tenants in possession, to allow him, without the participation of the other tenants, to submit the matter in contest to the determination of arbitrators.
1. It should, however, be recollected, that there is nothing in the record, conducing to show the interest of the other tenants to be such as would forbid the submission by Moseley. Those tenants may, and from the suggestion of their holding under Moseley, contained *249 in the agreement to submit, it is highly probable they held the possession merely as the tenants of Moseley ; and if so, Moseley had a right to defend for them ; and having been permitted, by a previous order of court, to make such defence, no objection is perceived to his doing so before judges mutually chosen by him and the plaintiff.
2. The arbitrators, after hearing the evidence produced by the parties, came to a determination, made out and signed an award ; but by the mutual assent of the parties, no copy was delivered to either, though they were informed of the determination. The award so made out, contained no suggestion of the arbitrators’ having been sworn ; but, before it was actually returned to court, the arbitrator, Harrison, by whom it was drawn, and in whose possession it remained, having learned that exceptions would be taken to the award, because it contained no statement of the arbitrators’ having been sworn, convened the arbitrators and made out another award, suggesting the fact of their having been sworn, and in other respects substantially the same as the award first written. This latter award was returned to court; but, before judgment was rendered thereon, the award first made was also returned, in obedience to an order of court made for that purpose. The plaintiff, French, objected to either of these awards being made the judgment of the court; but the preceding facts being made appear to the court and it being proved that the arbitrators were in fact sworn, the objections were overruled, and judgment rendered on the award last made out by the arbitrators.
The latter award is objected to, on the ground of the powers of the arbitrators having terminated by the award first made; and that first made is objected to, on the ground of its not containing a statement of the arbitrators’ being sworn before they entered on the duties assigned them by the order of submission.
3. According to former adjudications of this court, we should be constrained to maintain the objections taken to the first award. It has been frequently held to be essential to an award, that it should contain internal evidence of the arbitrators’ having been sworn and, whatever doubts might he entertained, were the question one of the first impression, we consider our *250 selves bound not to depart from a principle So well settled by previous adjudications. But we are not placed under the same embarrassing condition, as respects the objection taken to the latter award. If the first award had been actually returned to court, it would be conceded, that the power of the arbitrators over the matter would have expired, and that no award could thereafter have been regularly made, as was held in the case of Fitzgerald vs. Fitzgerald, Hard. 227. But the award first made was not returned to court, until the arbitrators had again convened and supplied the omission therein, by making out the afterward. It is true, the record shows that the arbitrator, Harrison, who held the possession of the first award, was also the clerk of the court to which the award was to be returned ; but he appears not to have returned it, and he swears that it was kept, not with the papers belonging to his office, but with his papers at home ; and when the cause was called in court, he withdrew from court, went home, got the award, and before it was returned, convened the arbitrators and made out the latter award. The first award was, therefore, not returned before the latter award was made out by the arbitrators ; and before an award is in fact returned to court, we perceive no reasonable objection against the arbitrators moulding it in the form required by the requisitions of the law regulating submissions to arbitrators.
The judgment must, therefore, be affirmed with costs.