## HILL vs. TAYLOR.

The parties to an action executed mutual bonds, submitting their differences to arbitrators, naming two of them, and leaving space for the name of the third, who was to be designated by the two thus chosen, and his name to be inserted. The parties themselves subsequently agreed upon the third arbitrator, and by mutual consent his name was inserted in the bond executed by the defendant in the present action, but not in that executed by the plaintiff. Underneath the defendant's bond, on the same piece of paper, a stipulation was written, signed by the parties, extending the time for "delivering the award referred to in the foregoing undertaking." *Held*, that this was a sufficient submission of the controversy to the three arbitrators, by an instrument in writing, as required by sec. 1, chap. 131, R. S.

The parties to an arbitration may waive the administration of an oath to the arbitrators.

If the parties consent to the administration of the oath by other officers than those prescribed by the statute, and the oath is not valid, such consent operates as a waiver.

After submitting a cause to arbitration by mutual bonds, the parties may extend the time for the hearing by an agreement not under seal.

APPEAL from the Circuit Court for *Milwaukee* County. The stipulation referred to in the opinion of the court, as having been written underneath the defendant's bond, and signed by the parties, extending the time for the delivery of the award, was as follows: "The time for the delivery of the award referred to in the foregoing undertaking, is hereby, by mutual consent of the respective parties thereto, extended," &c. The other facts are stated in the opinion. The circuit court, at the same time that it refused to enter judgment on the award, denied a cross motion by the defendant, to vacate the award. The plaintiff appealed.

*E. Mariner*, for appellant, as to the sufficiency of the submission, cited Crary's Practice, 29; Kyd on Awards, 96; 2 Parsons on Con., 285, and note. The parties having consented that the arbitrators might be sworn before a notary, and proceeded to a hearing, cannot now object to the oath as being unauthorized. 23 Wend., 630; 5 Paige, 575; 1 Denio, 440. The respondent having stipulated that the appellant should have judgment of the circuit court on the award, that court could not, as the award was not vacated, refuse the appellant the benefit of that stipulation. 4 Hill, 551; 17 Johns., 461; 12 Wend., 212.

*Coon & Cotton*, for respondents. [No argument on file.]

*By the Court*, DIXON, C. J. Appeal by plaintiff from an order of the circuit court of Milwaukee county, refusing to enter judgment on an award made under a statute submission. R. S. chap. 131. Two questions are presented: first, whether the submission was *in writing*, so as to satisfy the requirements of the statute; and secondly, whether it was competent for the parties to waive the administration of the oath by a judge, justice of the peace, or commissioner of deeds (secs. 4, 5), and to consent that the arbitrators be sworn before a notary public.

The parties prepared, executed and exchanged bonds submitting their matter of difference to two of the arbitrators named, leaving space for the name of the third, who it was agreed should be designated by the two thus chosen, and when designated his name to be inserted. The parties them-

January Term, 1862.

HILL
v.
TAYLOR.

May 15.

selves subsequently agreed upon the third arbitrator, and by mutual consent his name was inserted in the bond executed by the defendant, but not in that executed by the plaintiff, for the reason, as the defendant alleged, that it had been mislaid or lost. It was subsequently found, and produced at the hearing of the motion, in the same condition as when first executed. The objection was taken upon it, that the submission was void under the statute, the name of the third arbitrator not appearing in it. After the bond executed by the defendant was perfected, the parties proceeded to a hearing before the arbitrators named in it, but not until the time fixed for delivering the award had been twice extended by stipulation. That bond, duly proved by the affidavit of the subscribing witness, was filed as one of the papers upon which the plaintiff moved for judgment. Underneath, on the same piece of paper, are two stipulations extending the time, one signed by the parties and the other by their attorneys. That signed by the parties expressly refers to the bond, and recognizes it as a valid subsisting agreement. This is a sufficient compliance with the statute. It is a submission in writing to the three arbitrators named.

Our statute is a transcript of that of New York upon the same subject (1 Abbotts' Dig., Title, "Statutory Arbitration"); and it has been there held, that upon submission, by mutual bonds, the parties may enlarge the time by written agreement, not under seal, and the award will be valid. *Bloomer vs. Sherman*, 5 Paige, 575.

There can be no doubt that the parties could waive the oath to the arbitrators. This was expressly decided in *Howard vs. Sexton*, 1 Denio, 440. The provision was only intended to secure to them, if either desired it, a hearing and decision by persons sworn to a faithful discharge of their duties. But they may dispense with it as well as with the oath to a jury or witness, or as they can consent to a trial by a less number than twelve. If they can do this, they can assent to the administration of the oath by some other officer than those prescribed by the statute; and if it be not good as an oath, it will still be good as a waiver.

Order reversed, and cause remanded with directions that judgment be entered on the award.