CHARLES W. PARDRIDGE *et al.*

*v.*

PATRICK F. RYAN.

*Filed at Ottawa October 31, 1890.*

| | |
|---|---|
| 134 | 247 |
| 136 | 511 |
| 134 | 247 |
| 77a | 82 |
| 134 | 247 |
| 179 | 518 |
| 134 | 247 |
| f188 | 6518 |
| 134 | 247 |
| 200 | 6423 |
| 134 | 247 |
| 111a 6 | 49 |

1. CHANGING FORM OF ACTION—*by the court—on its own motion—against the party's protest.* After an action of assumpsit had been once tried, and the judgment reversed and the cause remanded, and the parties had made their opening statements to the jury, the court, on its own motion, and against the plaintiff's protest, discharged the jury, and ordered that the action be changed to an action of account, and that the parties account each with the other, and appointed an auditor to take the account: *Held,* that the course pursued by the trial court was irregular, and arbitrary in the extreme.

2. ACTION OF ACCOUNT—*judgment quod computet.* In an action of account, an interlocutory judgment *quod computet* is always entered before the final judgment upon the findings of the auditors. This judgment merely determines the defendant's liability to account, but determines nothing as to what may be due after account taken. If the liability to account is denied, the issue may be tried before a jury.

3. In this case, which was in assumpsit, the court, on its own motion, ordered that the form of action be changed to account, and the record showed that the defendant made no objection to the proceeding, and stated that he was willing to account, and asked that plaintiff should also account, whereupon the court appointed an auditor, and ordered that each party account with the other: *Held,* that the order directing an accounting might be regarded as a judgment *quod computet.*

4. SAME—*oath of auditor—waiver.* The requirement that an auditor, in an action of account, shall be sworn before entering upon his duties, is not jurisdictional, but is one that may be waived by the parties; and the appearance of the parties before the auditor, and the examination of witnesses, without objection that he is not sworn, will constitute such waiver.

5. The fact that one appointed an auditor in an action of account is also a master in chancery of the same court in which the action at law is pending, will not relieve him of the necessity of being sworn, if there be no waiver of the oath, before entering upon the discharge of his duties.

6. SAME—*improper evidence before auditor—effect upon the auditor's finding.* The admission of incompetent or improper evidence before an auditor, in an action of account, will not require the court to set

aside the report, when there appears sufficient competent evidence to sustain the auditor's finding.

7. ASSIGNMENT OF ERROR—*order entered by consent.* Where the defendant in an action of assumpsit assents to an order made by the court on its own motion, changing the form of action to that of account, and makes no objection to the appointment of an auditor or the taking of an account, he will be estopped from assigning such action of the court for error. He will be estopped from complaining of what he agreed to in the court below.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. BRANDT & HOFFMAN, for the appellants:

As to the practice in the action of account, see *Crousillat* v. *McCall*, 5 Binn. 433; *Lee* v. *Abrams*, 12 Ill. 11; *Spencer* v. *Usher*, 2 Day, 116; 1 Bacon's Abr. 38.

There were no pleadings in the case upon which a judgment could be entered.

The auditor was not sworn. This was error. *Watt* v. *Huse*, 38 Mo. 212; *Toler* v. *Hayden*, 18 id. 400; *Inslee* v. *Flagg*, 2 Dutch. 368; *Coombs* v. *Little*, 3 Green's Ch. 310; *Overton* v. *Alpha*, 13 La. Ann. 558; *Tile* v. *Barnett*, 2 Bibb, 166; *Reeves* v. *Goff*, 1 Penn. 133; *Parker* v. *Cramer*, id. 253; *French* v. *Mosley*, 1 Litt. 248; *Low* v. *Nolte*, 15 Ill. 368.

Messrs. DUNCAN & GILBERT, for the appellee:

Appellants are barred by their own acts to question the pleadings. There are no formal pleadings before the auditor. Rev. Stat. chap. 2, secs. 6, 16; *Hawley* v. *Burd*, 6 Bradw. 454; *Culver* v. *Elwell*, 73 Ill. 536; *Lockwood* v. *Doane*, 107 id. 235.

A party consenting to a reference is concluded by the order for it. *Armstrong* v. *Percy*, 5 Wend. 535; *Smith* v. *Minion*, 1 Coxe, 16.

The oath of the auditor was waived, not only by the silence and acquiescence of appellants, but also by the affirmative

avowal of appellants' counsel that he waived all formalities, at the time when the auditor was first put in motion at the request of said counsel.

An award of arbitrators is not void because they are not sworn. This oath may be waived. *Howard* v. *Sexton,* 1 Denio, 440; 4 Com. 157; *Browning* v. *Wheeler,* 24 Wend. 258; *Hill* v. *Taylor,* 15 Wis. 190; *Tucker* v. *Allen,* 47 Mo. 488; *Railroad Co.* v. *McKinley,* 64 Ill. 338; *Edwards* v. *Edwards,* 31 id. 474; *Cornelius* v. *Boucher Bros.* 32 Edw. Ref. 107; *Morse on Arbitration and Award,* 172.

There was ample unobjectionable evidence to sustain the judgment. *Schrœder* v. *Harvey,* 75 Ill. 638.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The appellants are merchants in Chicago. From February, 1875, to October 11, 1880, they had their main store on State Street in that city, and a branch store, known as the New York Store, on West Madison Street. It is claimed by appellee, that, during said period, he was manager of the New York Store under an agreement with the appellants that he should have a certain weekly salary, and that, in addition thereto, he should have a certain proportion of the net profits of the business, as soon as the stock of goods on hand in February, 1875, should be paid for out of the profits. He left the service of the appellants on October 11, 1880, and brought the present suit against them in the Superior Court of Cook County on November 20, 1880.

The action, as originally brought, was assumpsit with a declaration containing the ordinary common counts, to which a plea of the general issue was filed. In this shape the case was tried before a jury in January, 1883, resulting in a verdict and judgment for $11,450.00 in favor of appellee as plaintiff below. This judgment was reversed by the Appellate Court, as will be seen by reference to *Pardridge et al.* v. *Ryan,* 14

Bradw. 598, and the cause was remanded back to the Superior Court. On March 20, 1885, the defendants filed a plea of set off for money paid, money had and received, money loaned and money paid by mistake, to which plea the plaintiff filed a general replication.

On October 8, 1888, the cause came on for a second trial, and, after the jury had been impanelled and sworn and the counsel on both sides had made their opening statements, certain proceedings were had which will be shown by the following order then and there entered, towit:

"Thereupon the court, of its own motion, enters the following order: This cause having come on to be heard, a jury having been called and impanelled, counsel for both plaintiff and defendants having made their opening statements to the jury, and it appearing to the court from the statements of counsel made in opening their case, that the issues herein involved the settling of accounts between plaintiff and defendants which are in the nature of partnership accounts, and involve book accounts and the examination of many vouchers and papers and the casting of accounts, it is ordered by the court, of its own motion, that the jury be and the same is discharged, and that the form of action is changed to that of account; and the defendants, by their attorney, in open court, making no objection to this proceeding, and stating that they are willing to account to the plaintiff, and ask that the plaintiff should also account to them, it is ordered that the defendants do account with the plaintiff, and further ordered that the plaintiff do account with the defendants, and further ordered that George M. Stevens be and he is hereby appointed auditor in this case, under the law, who shall proceed with all due speed to appoint a time of hearing, and proceed with the hearing of this case according to law, and take an account between the parties, plaintiff and defendants, and take the evidence and report the same to this court, together with his conclusions thereon, finding in particular:—First, what were

the net profits of the business carried on under the name of 'The New York Store,' at 284 and 286 West Madison street, from about February 1, 1875, to about November 1, 1880; second, what interest, if any, the plaintiff has in said net profits; third, when did the plaintiff's interest in the net profits begin and when did it end; fourth, what amount, if any, the defendants are now owing the plaintiff on account of such net profits; fifth, what amount, if any, the plaintiff is owing the defendants on account of said business;—to all of which the plaintiff, by his counsel, enters his exceptions herein."

Under this order both parties appeared before Stevens, as auditor, and introduced evidence. The auditor filed his report on May 10, 1889, finding that the net profits of the New York store from February 1, 1875, to October 11, 1880, were $77,005.55; that plaintiff's interest in said net profits was one fourth; that said interest began on February 1, 1875, and ended on October 11, 1880; that defendants were owing the plaintiff on account of said net profits $10,729.14; that plaintiff was owing the defendants, on account of said business, for taxes, insurance, carpets, etc., and cash advanced, $1460.66; that the total amount due from defendants to plaintiff was the sum of $9268.48. Exceptions were filed to this report by the defendants, but the court overruled the exceptions and entered judgment against the defendants for $9268.48. This judgment has been affirmed by the Appellate Court and is brought thence by appeal to this Court.

The course pursued by the lower court, as set forth in the foregoing order, was arbitrary in the extreme. Against the protest of the plaintiff, his form of action was changed from assumpsit to account, but no change was made in the character of the pleadings. Under a declaration and pleas appropriate to the action of assumpsit, proceedings were taken which were only proper in an action of account. But the appellee here, plaintiff below, is not complaining of the change thus made, nor of the failure to make the pleadings conform to the

change; and as to the appellants, the defendants below, they
assented to the course pursued by the court, and made no
objection to the appointment of an auditor, or to the taking
of an account. They are estopped here from complaining of
what they agreed to in the court below. In the action of ac-
count, a preliminary or interlocutory judgment *quod computet*
is always entered before the final judgment upon the findings
of the auditor. This interlocutory judgment merely deter-
mines that the defendant is liable to account, but determines
nothing as to what may be due after an account taken. If
the defendant denies his liability to account, the issue may be
tried before a jury. In the present case, the defendants ad-
mitted their liability to account, and expressed their willing-
ness to submit to an accounting. Accordingly, the entry of a
judgment *quod computet* followed as a matter of course, and
the order entered by the court as above recited may be regarded
as such a judgment.

It is objected that the auditor was not sworn. The fact
that he was not sworn is abundantly established by the proofs
and is admitted by both parties. The failure to take the oath
was set up in one of the exceptions filed by the defendants
to the report of the auditor, but the exception was overruled.
The seventh section of the "Act in regard to the action of ac-
count" (chap. 2 of Rev. Stat.) is as follows: "Whenever a
judgment shall be rendered against any defendant, that he
account, the court shall appoint one or more able, disinter-
ested and judicious men as auditors, to hear, examine and
adjust the accounts between the parties, *who shall, before they
enter on their duties, be sworn* faithfully and impartially to take
and state the account between the parties and make report to
the court."

The question arising upon this branch of the case is:
whether the oath of the auditor, as prescribed by the statute,
is a prerequisite to jurisdiction, or whether there may be a
waiver of such oath by the parties.

Assuming for the present that the taking of the oath is a matter which may be waived, let us see whether there are any facts which amount to a waiver. Both parties introduced evidence before the auditor, and neither made the objection before him that he was not sworn. After he had filed his report, then for the first time he was asked by one of the counsel for the defendants whether the oath had been administered to him. Mr. Stevens was one of the masters in chancery of the Superior court. The first testimony taken before him was that of a witness on behalf of the defendants named Hartman, who was about to leave the State for California. Stevens testifies: "The first I knew about the case from the attorneys was on February 15. Mr. Hynes representing Ryan, and Mr. Brandt, representing Pardridge, came in there and told me the case had been referred to me. * * * Mr. Brandt asked me if I had a copy of the order. I told him, no. He asked me if I needed one. I said I would unless the attorneys agreed upon what it contained. Mr. Brandt then said, 'You are a master in chancery of this court, are you?' I said, yes. He then said to Mr. Hynes: 'let us waive all formality; I want to get through with this witness.' Mr. Hynes said he was willing to waive all formality, except the right of the court to refer the case." Hynes testifies: "When we got before Stevens I entered the objection that is of record, and Mr. Brandt said: 'let us go on; you can save all your points now.' We waived all formalities. * * * The matter of ceremony before the auditor was waived. There was not a word said about Mr. Stevens having taken an oath or not." Brandt says: "When I went before Stevens to take Hartman's testimony, the sole question I had in my mind and about which I was talking, was taking Hartman's deposition for the defense before the plaintiff put in any evidence. * * * My conversation referred to that only; not a word was said about Stevens not being sworn, and I did not know it till May 13, 1889."

The fact that Stevens was master in chancery, an officer whose duties pertain to the equity side of the court, would not have relieved him, if the objection had been made, of the necessity of taking the oath when acting as auditor under an appointment made by a judge sitting on the law side of the court. But as master, he had the power to administer oaths, to take testimony and, when specially ordered, to report his conclusions therefrom; and he may well have inferred from the statements made to him by the attorneys, that he was to proceed with the taking of the rest of the testimony in the same way in which he had taken the evidence of Hartman, and that the ceremony of taking the oath as auditor was intended to be dispensed with. The attorney of the plaintiff also had good reason to believe from the language of the attorney for the defendants, that the latter had no intention of insisting upon the taking of the oath by the auditor. We, therefore, think that, if the oath could be waived at all, the facts, as above detailed, were sufficient to constitute such waiver.

Upon the question whether the taking of the oath is a jurisdictional prerequisite to the power of an auditor to proceed with his duties in an action of account, we have been referred to no authorities either in this State or elsewhere. But we see no reason why the rule upon this subject, which has been held to be applicable to arbitrators and other referees, may not also apply to auditors. The statute of this State on Arbitrations and Awards (sec. 3, chap. 10, Rev. Stat.) provides, that, "before proceeding to hear any testimony in the cause, the arbitrators shall be sworn faithfully to hear, examine and determine the cause, according to the principles of equity and justice, and to make a true and just award according to the best of their understanding." This court has never directly decided that the oath thus required to be administered to arbitrators may be waived, but the question has arisen under similar statutes in other States, and the decisions are not uniform.

In some States, as in New Jersey, Kentucky and Louisiana, it has been held that the award is void, if the arbitrators are not sworn, where the statute directs them to be sworn. (*Inslee* v. *Flagg*, 2 Dutcher, 368; *Fisher* v. *Mosley*, 1 Littell, 247; *Lile* v. *Barnett*, 2 Bibb. 166; *Overton* v. *Alpha*, 13 La. Ann. 558.) In other States, as in New York, Missouri, Wisconsin, Vermont and Pennsylvania, it has been held that the requirement of the statute may be waived. (*Howard* v. *Sexton*, 1 Denio, 440; *Hill* v. *Taylor*, 15 Wis. 190; *Cochran* v. *Bartle*, 91 Mo. 636; *Woodro* v. *O'Connor*, 28 Vt. 776; *Otis* v. *Northrup*, 2 Miles, 350; *Browning* v. *Wheeler*, 24 Wend. 258; *Day* v. *Hammond*, 57 N. Y. 479.) In *Newcomb* v. *Wood*, 97 U. S. 581, it was said by the Supreme Court of the United States: "The objection that the arbitrators were not sworn is waived by the plaintiff in error by appearing and going to trial without requiring an oath to be administered. If the witnesses had not been sworn, the waiver of that defect under the same circumstances would have been equally conclusive." (See also *Menard* v. *Freder*, 7 Cush. 250.)

The weight of authority is in favor of the position that the oath may be waived. A party ought not to be permitted to introduce testimony and to suffer his adversary to introduce testimony before an auditor, and then, when the findings turn out to be adverse to him, to make the objection for the first time that the auditor was not sworn. Thus to lie by, and take the chances of a favorable result, is inequitable. In such cases, silence ought to be regarded as acquiescence. If the objection that the oath has not been administered is made in apt time, it may be cured, and time and expense may be saved. It is not sufficient for the defendants to say that they did not know of the failure to take the oath until after the report was filed. They knew, or were bound to know, what the law was. The law required the auditor to be sworn before he entered upon his duties. If they intended to insist upon a compliance with this requirement, they should have made known their in-

tention before the duties were entered upon. The appointment of the court is the source of the auditor's jurisdiction, and his failure to be sworn may be waived by the parties, as it was waived in the case at bar.

It is further objected that the auditor received and acted upon incompetent testimony. It was agreed between the parties that all objections should be taken down and reserved for the determination of the court thereafter, and that such objections should not be passed upon by the auditor. One of the questions was whether the plaintiff's interest in the profits began in February, 1875, or in August, 1878, the plaintiff contending for the former date and the defendants for the latter. The plaintiff introduced a witness named Levy, who was asked the following question: "Did you learn of, or hear during the time you were there anything said upon the subject of Mr. Ryan's having an interest in the profits of Pardridge's store?" to which he replied: "It was so generally understood; we always supposed that was the case." Both the question and answer were objected to. This evidence was manifestly incompetent, and was so admitted to be by the court in passing upon the exceptions to the auditor's report. But we do not think that the court erred in refusing to set aside the report on account of the admission of this testimony, for the reason that the finding of the auditor as to the date when the plaintiff's interest began was sustained by the other evidence upon that subject. If the objectionable question and answer had been ruled out altogether, the clear weight of the remaining proof was in favor of the date fixed by the report.

By the stipulation of the parties each objection was not separately submitted to the court, as it arose in the progress of the accounting. As the court could see, upon a consideration of the whole report and all the evidence accompanying it, that the objectionable evidence could not have affected the result upon the particular point at issue, it was not necessary to recommit the matter to the auditor by reason of the state-

ment made by the witness Levy. It is true that, in an action of account, "the court may not have the power to remodel or change the report so as to alter the result, any more than it would have to alter the verdict of a jury." (*Lee* v. *Abrams,* 12 Ill. 111.) But the statute gives the court the power, in the exercise of a sound discretion, to approve or disapprove of the auditor's report. The whole proceeding, both before the auditor and before the court after the coming in of the report, should be governed by the principles, which apply to trials before the court without a jury, rather than by the technical rules, which are more strictly applicable in the case of jury trials. In *Schroeder* v. *Harvey,* 75 Ill. 638, we said: "The admissibility of some testimony of questionable competency, which was received by the court below, has been discussed in argument. * * * But we do not deem it necessary to consider this, as there was enough other testimony of unquestioned competency sufficient, in our opinion, to sustain the finding of the court; and where that is the case, and the trial before the court alone, the finding should stand, notwithstanding the reception of other incompetent evidence."

The same observations here made in regard to the testimony of Levy are applicable to some of the other evidence in the case, as to which there was merely a general exception to the effect that the auditor "heard and was informed by much other incompetent and illegal evidence."

The auditor gave the defendants credit for such amounts paid out for insurance and taxes as were proven by proper and legitimate testimony.

There are various other items in the account, about which the parties contradict each other, and as to which there is much conflicting testimony, such as rent, the weekly wages agreed to be paid Ryan in addition to his interest in the profits of the business, damages paid to a party injured in front of the store, the removal of goods to the amount of about $17,500.00 by one of the defendants from the New York store to the main

store without giving the New York store credit therefor, etc. These are purely questions of fact, and it would serve no good purpose to comment upon the evidence taken by both parties as to the various items thus in dispute. It is sufficient to say, that we have examined the testimony with care, and see no reason for disturbing the conclusions of the auditor as approved by the court below.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*