### John E. Leinhart v. William H. Kirkwood.

1. MOTION—*when ruling of court upon, will not be reviewed.* The action of the court with respect to a motion will not be reviewed where such motion and the matters upon which it was predicated are not preserved in the bill of exceptions.

2. ACTION OF ACCOUNT—*practice upon submitting case to auditors.* In actions of account the best practice is to enter an interlocutory judgment *quod computet* before submitting the case to auditors.

3. DEFAULT—*what not ground for setting aside.* The neglect of an agent of a party to retain counsel as per instructions, is not ground for setting aside a default.

4. DEFAULT—*what admitted by.* A default admits every traversable allegation contained in the declaration.

Action of account. Appeal from the Circuit Court of Christian county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

FRANK P. DRENNAN, for appellant; RUFUS M. POTTS, of counsel.

HOGAN & WALLACE, for appellee; J. A. MERRY, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee instituted his action of account against appellant, alleging a partnership in respect to the purchase, management and sale of certain real estate. Appellant was defaulted for want of a plea, and thereupon the court appointed an auditor to take the account. The final report of the auditor found the amount due from appellant to appellee to be $922.05, and judgment was entered by the court for that amount.

It is urged on behalf of appellant that the court erred in denying appellant's motion to set aside the default and for leave to plead to the merits. Neither the motion, nor the affidavits in support thereof, is incorporated in the bill of exceptions. The action of the court thereon is not properly preserved for review by incorporating the purported motion and affidavits in the clerk's record. We have, however, examined the same, and conclude that the court did not abuse its discretion in denying the motion. The agent selected by appellant neglected, through forgetfulness and inattention, to retain counsel and the negligence of the agent is attributable to appellant.

It is next insisted that no partnership relation existed between appellant and appellee and, therefore, that no recovery can be had under the declaration. Proper practice in actions of account requires the court to enter an interlocutory judgment *quod computet* before the submission of the cause to auditors and entry of final judgment upon the findings. However, the order directing an accounting and appointing an auditor to take the same may be regarded as a judgment *quod computet*. Pardridge v. Ryan, 134 Ill. 247; Garrity v. Hamburger Co., 136 Ill. 499.

The declaration alleged a partnership and the default of appellant operated to admit every traversable fact alleged in the declaration, leaving only to be determined, the state of the account. City of Chicago v.

English, 198 Ill. 211. No error is urged to exist in the final report of the auditor predicated upon the existence of a partnership.

The judgment is affirmed.

*Affirmed.*